# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | **I.D.: 1806003487** |
| | ) | |
| **ANDRE FLETCHER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER
### *On Motion for Correction of an Illegal Sentence*

This 18th day of June, 2025, upon consideration of the instant Motion for Correction of an Illegal Sentence, under Superior Court Criminal Rule 35(a)[1] brought by Defendant Andre Fletcher ("Fletcher"), it appears to the Court that:

1. Fletcher entered into a plea agreement on September 30, 2019 and pled guilty to Murder Second Degree. Fletcher was sentenced on September 9, 2022 to thirty (30) years at Level V, suspended after twenty (20) years at Level V for six (6) months at Level IV, followed by eighteen months (18) at Level III probation.[2] Murder in the Second Degree is a class A felony[3] with a statutory minimum sentence of 15 years of unsuspended Level V time and a maximum of life imprisonment.[4] The Delaware SENTAC guidelines provide the presumptive sentence for Murder Second Degree is 15 years at Level V.[5]

---

[1] Docket Item ("D.I.") 56.
[2] *Id.* p. 2.
[3] 11 *Del. C.* §635.
[4] 11 *Del. C.* §4205(b)(1).
[5] 2024 SENTAC Benchbook, p. 30.

2. In the instant Motion, Fletcher moves this Court for a review of his sentence under Rule 35(a) which states "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[6] Citing *Erlinger v. United States*, 602 U.S. 821 (2024) Fletcher claims that his due process rights were violated because the Court, not a jury, enhanced his sentence which violates his due process rights under *Erlinger*.

3. The Court does not find that the sentencing judge needed to obtain additional facts to justify Fletcher's Level V time, and the aggravating factor relied on by the sentencing judge (undue depreciation of offense) was adequate to support Fletcher's sentence. In *Shabazz v. State*, the Delaware Supreme Court held that "neither *Apprendi* nor *Blakely* impact" a judge giving a sentence within the statutory range but above the SENTAC guideline presumptive sentence "given the voluntary and nonbinding nature of Delaware's sentencing guidelines."[7] The sentencing judge was within the statutory range by imposing 30 years of Level V time which was suspended after 20 years. The sentencing judge found an aggravating factor which provided substantial and compelling reason to justify surpassing the presumptive sentence. According to the SENTAC guidelines, "the court may impose a sentence outside the standard sentence range for that offense if it finds that there are substantial and compelling reasons justifying an

---

[6] Del. Super. Ct. Crim. R. 35(a).
[7] *Shabazz v. State*, 877 A.2d 52, *1 (Del. 2005).

exceptional sentence."[8]  The Delaware Supreme Court and proceeding case law firmly support the proposition that "the sentencing standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards."[9]

4.      *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[10]  The Court sentenced Fletcher within the statutory range on the charge.  The Court found no facts that enhanced the range within which Fletcher was sentenced.  Further, *Erlinger*, cannot be read to require the Court to submit aggravating (or mitigating) circumstances to a jury when such circumstances would not alter the statutory range of penalties.  It is the Court, in its discretion, not the jury that determines the proper sentence within the statutory range. *Erlinger* and similar cases are not implicated.

For the above reasons, the Court finds that Fletcher's sentence is not illegal.

**IT IS SO ORDERED** this 18th day of June, 2025.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:    *Original to the Prothonotary*
Ann Marie Pruit, Deputy Attorney General

---

[8] 2018 SENTAC Benchbook p. 132.
[9] *See Siple v. State*, 701 A.2d 79, *2 (Del. 1997); Delaware Supreme Court Admin. Directive No. 76.
[10] *Erlinger*, 602 U.S. at 833 (quoting *Alleyne v. United States*, 570 U.S. 99, 111-113).